IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                      No. CR 17-2690 RB

MARCOS ANTHONY MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Martinez's Motion to Reduce Sentence. (Doc. 412.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DISMISSED**.

**I.    Background**

On June 14, 2018, Martinez pled guilty to nine counts of a 34-count Indictment. (*See* Docs. 2; 203.) The counts included: Count 1: conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); Counts 16 & 23: possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; Counts 22, 28–29, & 32: use of a communication facility to further the commission of a drug trafficking crime in violation of 21 U.S.C. §§ 843(b) and (d)(1); Count 30: distribution of 500 grams and more of a mixture and substance containing methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and Count 34: smuggling goods from the United States and aiding and abetting in violation of 18 U.S.C. §§ 554 and 2. (*See* Docs. 2; 414 at 1–2 (citing Doc. 262 ¶ 15).) On March 5, 2019, the Court sentenced Martinez to 168 months imprisonment. (Docs. 312–13.) Martinez's anticipated

release date is November 7, 2028. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Dec. 8, 2022). He now moves the Court, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 412.)

## II.     Analysis

Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Martinez did not allege that he had exhausted his administrative rights before filing his motion with the Court. (*See* Doc. 412 at 5.) The Government submits a "declaration from James Darcy, Reduction in Sentence Coordinator at FCI La Tuna, affirming that there is no record to indicate that [Martinez] submitted any Administrative Remedy Request or Appeal." (Docs. 414 at 5; 414-4.) As a result, the Court finds that Martinez fails to meet his burden to show that he exhausted his administrative remedies.

Martinez argues that the Court should waive the exhaustion requirement "because of the urgent risk of fatal infection." (Doc. 412 at 9.) He asserts that he is at risk for a fatal COVID-19 infection because of his age and "significant underlying health issues." (*Id.* at 14.) Martinez is 35 years old and fails to demonstrate any health issues at all, much less any significant issues. (*See id.*) Moreover, the Government submits evidence to show that Martinez "previously tested positive for COVID-19 and has since recovered." (Doc. 414 at 3 (citing Docs. 414-1–2).) He also has received two doses of the Moderna vaccine. (Doc. 414-3.) Thus, even if the Court found it

2

appropriate to waive the exhaustion requirement, which it does not, Martinez has not demonstrated compelling circumstances exist to grant a reduction.

**THEREFORE,**

**IT IS ORDERED** that the Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582 for Immediate Release (Doc. 412) is **DISMISSED** for failure to exhaust.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE