IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              No. 5:17-cr-2690 RB

MARCOS ANTHONY MARTINEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Martinez's Motion to Reinstate Petition for Compassionate Release and Reduction of Sentence Under the First Step Act of 2018 (Doc. 417), and his Second Motion for Sentence Reduction Under USSG 821 Amendment (Doc. 422). Martinez first asks the Court to "reinstate" his previous motion for compassionate relief, which the Court construes as a motion to reconsider its December 12, 2022 Memorandum Opinion and Order. (*See id.* at 14; *see also* Doc. 415.) Martinez also seeks a sentence reduction under Amendment 821 to the United States Sentencing Guidelines. (*See* Docs. 417 at 25; 422.) Having reviewed the parties' submissions, the record, and the applicable law, the Court finds the motions are not well-taken. The Court will **DENY** the motion to reconsider and **DISMISS** the motions to reduce sentence under Amendment 821.

**I.**     **Background**

On June 14, 2018, Martinez pleaded guilty to nine counts of a 34-count Indictment. (*See* Docs. 2; 203.) The counts included: <u>Count 1</u>: conspiracy to distribute a mixture and substance containing a detectable amount of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A); <u>Counts 16 & 23</u>: possession with intent to distribute 50 grams and more of a mixture and substance containing methamphetamine and aiding and abetting in violation of 21 U.S.C. §§

1

841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2; Counts 22, 28–29, & 32: use of a communication facility to further the commission of a drug trafficking crime in violation of 21 U.S.C. §§ 843(b) and (d)(1); Count 30: distribution of 500 grams and more of a mixture and substance containing methamphetamine and aiding and abetting in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2; and Count 34: smuggling goods from the United States and aiding and abetting in violation of 18 U.S.C. §§ 554 and 2. (*See* Docs. 2; 414 at 1–2 (citing Doc. 262 ¶ 15).)

The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 37. (Doc. 262 ¶ 101.) Martinez's base offense level was 36, but he received a two-level increase under U.S.S.G. §2D1.1(b)(1) because "[a] weapon was possessed during at least one drug transaction"; a two-level increase under U.S.S.G. § 3B1.1(c) for aggravating role; a two-level decrease under U.S.S.G. § 3E1.1(a) for acceptance of responsibility; and a one-level decrease under U.S.S.G. §3E1.1(b) for timely notifying authorities of his intent to plead guilty. (*Id.* ¶¶ 82–83, 85, 99–100.) Because he did not have any prior convictions, the USPO calculated a criminal history score of zero, resulting in a criminal history category of I and a guideline imprisonment range of 210–262. (*Id.* ¶ 106–07, 126.)

On March 5, 2019, the Court sentenced Martinez to 168 months imprisonment. (Doc. 313.) Martinez's anticipated release date is November 7, 2028. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 1, 2024).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Martinez, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821 and to reconsider its previous Opinion dismissing a request for compassionate release. (Docs. 417; 422.) The Federal Public Defender declined to file a motion on Martinez's behalf, and the United States opposes the motion. (Docs. 420–21.)

## II. Martinez provides no basis for the Court to reconsider its Opinion.

Martinez first asks the Court to "reinstate" his August 9, 2022 motion for compassionate release. (Doc. 421 at 14; *see also* Doc. 412.) In that motion, Martinez sought compassionate release on the basis that he is at risk for a fatal COVID-19 infection because of his age and "significant underlying health issues." (Doc. 412 at 14.) The Court dismissed the motion because Martinez failed to exhaust his administrative remedies. (*See* Doc. 415 at 2–3.) The Court further outlined the record evidence that established Martinez has "'previously tested positive for COVID-19 and has since recovered[,]' . . . received two doses of the Moderna vaccine[,]" and failed to establish that he has "any health issues at all, much less any significant issues." (*Id.* at 2 (citing Docs. 412 at 14; 414 at 3; 414-3.)

To begin, Martinez cites no authority for the Court to "reinstate" a previously-denied or dismissed motion. (*See* Doc. 421.) Rather, it appears Martinez asks the Court to reconsider its Opinion dismissing his earlier motion. "Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting

3

*Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

Martinez does not point out "an intervening change in the controlling law," offers no new evidence that was previously unavailable, and makes no argument that there was clear error or manifest injustice. *See Christy*, 739 F.3d at 539. (*See also* Doc. 421.) Rather, he cites an out-of-district case in which the district court for the Eastern District of Virginia granted a "reinstated" motion for compassionate release on the basis that the defendant was eligible for a sentence reduction under the First Step Act. *See Gregory v. United States*, No. 4:96-CR-22(01), 2022 WL 1144131, at *8 (E.D. Va. Apr. 18, 2022). (*See also* Doc. 421 at 14.) Martinez also cites to *Concepcion v. United States*, 597 U.S. 481, 486 (2022), in which the United States Supreme Court held that "a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion." (*See* Doc. 417 at 15.) Martinez mounts no argument to show that he qualifies for relief under the First Step Act. (*See* Docs. 417; 422.) Because Martinez fails to show that reconsideration of the December 12, 2022 Opinion is appropriate, the Court will **DENY** Martinez's motion to reconsider its Opinion.[1]

### III. Martinez is ineligible for relief under Amendment 821.

#### A. Legal Standards

A district court may modify a sentence "only pursuant to statutory authorization." *United*

---

[1] Were the Court to consider this as a newly filed motion for compassionate release rather than as a motion to reconsider, it would dismiss the motion for the same reason it did previously: Martinez fails to show that he exhausted his administrative remedies. (*See* Doc. 421 at 5 (citing Doc. 421-1) (signed declaration from BOP case management coordinator affirming the facility has no record showing that Martinez submitted a Reduction in Sentence Application).)

*States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet

specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

B. Analysis

Martinez is not eligible for a sentence reduction. First, he is not eligible for Part A relief because no status points were added to his criminal history score. (*See* Doc. 262 ¶¶ 106–07.) Second, although Martinez is a "zero-point" offender under Part B, he does not meet all the necessary criteria for eligibility for a sentence reduction, which include:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . ."

U.S.S.G. § 4C1.1(a). Relevant here, Martinez received a two-level increase under § 3B1.1 for his aggravating role as an organizer, leader, manager, or supervisor. (*See* Doc. 262 ¶ 85.) *See also* U.S.S.G. § 3B1.1(c). As a result, Martinez does not qualify for a sentence reduction pursuant to sub-paragraph 10. *See* U.S.S.G. § 4C1.1(a)(10).

The Court finds Martinez is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motions to reduce sentence.

**IT IS THEREFORE ORDERED** that Martinez's Motion to Reinstate Petition for Compassionate Release and Reduction of Sentence Under the First Step Act of 2018 (Doc. 417) is **DENIED in part** and **DISMISSED in part** as outlined in this Opinion.

**IT IS FURTHER ORDERED** that Martinez's Second Motion for Sentence Reduction Under USSG 821 Amendment (Doc. 422) is **DISMISSED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE